U.S. DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BROOKLINE DEVELOPMENT CORPORATION, HARVARD TERRACE LLC and JEFFREY M. FEUERMAN,<br><br>Defendants. | CIVIL ACTION NO.:<br>2017-10068 |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Nautilus Insurance Company brings this Complaint for Declaratory Relief seeking a judicial determination of the rights and responsibilities of the parties pursuant to its insurance policy.

## THE PARTIES

1. Plaintiff Nautilus Insurance Company ("Nautilus") is an Arizona corporation headquartered in Scottsdale, Arizona.

2. Jeffrey M. Feuerman is a resident of the Commonwealth of Massachusetts residing in Brookline, Massachusetts. He is the president of the Brookline Development Corporation.

3. Brookline Development Corporation is a Massachusetts corporation with its principal place of business in Brookline, Massachusetts.

4. Harvard Terrace LLC is a limited liability company that is owned and operated by Jeffrey M. Feuerman with its principal place of business in Brookline, Massachusetts.

## **JURISDICTION**

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

## **STATEMENT OF FACTS**

### The Alfaro Litigation

6. On July 28, 2015, Pedro Alfaro fell out of a third floor window while performing work at the Harvard Terrace job site in Allston, Massachusetts.

7. The property in question (8-12-16 Harvard Terrace) is a 16 unit apartment complex, consisting of three connected townhouses that were being redeveloped following a 2014 fire that had substantially damaged one of the townhouses and rendered the other units uninhabitable.

8. Following the fire, the owner (Shlomo Pincas) sold the property to Jeffrey Feuerman on May 28, 2015.

9. Title to the property was transferred via quit claim deed to "Harvard Terrace LLC," the limited liability company that Feuerman created to hold and manage this apartment complex.

10. Feuerman has been in the construction business for 25 years and owns and operates several other apartment buildings in the Boston area, each of which is owned and operated as a limited liability company controlled by Feuerman.

11. Feuerman created Brookline Development Corporation for the purpose of developing properties that he buys for the purposes of rehabilitation, including 8-12-16 Harvard Terrace.

12. Alfaro was employed by Feuerman to work on the Harvard Terrace rehabilitation project and had been working at the site for approximately three months at the time of his accident.

13. As the result of this fall, Alfaro fractured his hip and suffered other serious bodily injuries and claims to have incurred medical bills in excess of $290,000.

14. On June 16, 2016, Alfaro filed suit against Harvard Terrace LLC and Jeffrey M. Feuerman in the Suffolk County Superior Court in Boston, Massachusetts.

15. Harvard Terrace, LLC and Feuerman have sought a defense to the Alfaro law suit from Nautilus.

16. Nautilus has agreed to defend Harvard Terrace, LLC and Feuerman but have done so pursuant to a comprehensive reservation of rights in light of several exclusions and policy terms that limit or preclude coverage for Alfaro's claims.

## The Nautilus Insurance Policy

17. At the time of the events in question, Feuerman, Harvard Terrace, LLC and Brookline Development Corporation were insured by Nautilus pursuant to Policy No. NN538796 ("the Nautilus Policy").

18. The Nautilus Policy provided comprehensive liability insurance ("CGL") coverage.

19. The CGL coverage provided by the Nautilus policy was subject to several endorsements that modified and limited the scope of the policy's coverage.

20. An endorsement to this policy (Form L309 11/10) added an "Injury to Employees, Leased Workers, Temporary Workers and Volunteer Workers" exclusion.

21. Form 309 (11/10) replaces Exclusion e. in the main body of the policy.

22. The Form 309 (11/10) exclusion states that there is no insurance for:

**e.   Injury to Employees, Leased Workers, Temporary Workers and Volunteer Workers**

"Bodily injury" to:

    (1) An "employee", "leased worker", "temporary worker", or "volunteer worker" of any insured arising out of and in the course of:

        (a) Employment by any insured; or

        (b) Directly or indirectly performing duties related to the conduct of any insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", or "volunteer worker" arising out of Paragraph (1) above.

This exclusion applies:

(1) Regardless of where the:

    a. Services are performed; or

    b. "Bodily injury" occurs; and

(2) Whether any insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

## CLAIMS FOR DECLARATORY RELIEF

23. Nautilus repeats and realleges the factual allegations set forth in Paragraphs 1-22 as if fully restated herein.

24. On July 28, 2015, Pedro Alfaro was an employee of Jeffrey Feuerman and/or Brookline Development Corporation or Harvard Terrace LLC.

25. The injuries suffered by Pedro Alfaro on July 28, 2015 arose out of and in the course of his employment for Jeffrey Feuerman and/or Brookline Development Corporation or Harvard Terrace LLC Employment.

26. At the time of his accident, Pedro Alfaro was performing duties that were directly or indirectly related to the conduct of the business of Jeffrey Feuerman and/or Brookline Development Corporation or Harvard Terrace LLC.

27. Any coverage that might otherwise apply to Alfaro's claims is negated by Endorsement Form No. 309 (11/10).

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiff, Nautilus Insurance Company, respectfully requests that this Honorable Court enter judgment declaring:

1. Nautilus is relieved of any on-going obligation to provide a defense to the Jeffrey Feuerman, Brookline Development Corporation or Harvard Terrace, LLC;

2. Nautilus has no duty to indemnify Jeffrey Feuerman, Brookline Development Corporation or Harvard Terrace, LLC with respect to the claims made against them by Pedro Alfaro;

3. Nautilus should recover its attorney's fees and costs for this law suit; and

4. Such other and further relief as this court may deem just and proper.

.  Respectfully Submitted,
NAUTILUS INSURANCE COMPANY,

By its attorneys,
**MORRISON MAHONEY LLP**

*/s/Michael F. Aylward*
Michael F. Aylward
250 Summer Street
Boston, MA 02210
Tel.: (617) 439-7556
Fax.: (617) 342-4913
maylward@morrisonmahoney.com

Dated: January 17, 2017